USDC SCAN INDEX SHEET

















BJR    4/24/03    11:24
3:02-CV-02549   VAN ORMER V. RIORDAN
*8*
*APPL.*

1 | Howard D. Finkelstein, Esq. (#102964)
Jeffrey R. Krinsk, Esq. (#109234)
2 | Mark L. Knutson, Esq. (#131770)
FINKELSTEIN & KRINSK
3 | 501 West Broadway, Suite 1250
San Diego, CA  92101
4 | Telephone: 619/238-1333
Facsimile: 619/238-5425
5

6 | Attorneys for Lead Plaintiffs and the Class

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10

11 | LEE VAN ORMER, on Behalf of Himself ) CASE NO. 02-CV-2549W (LAB)
and All Other Similarly Situated Shareholders )
12 | of The Credit Store, Inc.,                        ) CLASS ACTION
                                                      )
13 |                              Plaintiff,           )
                                                      ) APPLICATION FOR
14 | v.                                                ) ENLARGEMENT OF TIME TO
                                                      ) SERVE DEFENDANTS WITH
15 | KEVIN RIORDAN; JAY L. BOTCHMAN;                  ) SUMMONS AND COMPLAINT
MICHAEL PHILLIPPE; GEOFFREY                         )
16 | THOMPSON; BARRY BREEMAN; J.                      )
RICHARD BUDD; PETER MANSBACK;                       ) [Fed.R.Civ.Proc. Rules 4(m) and 6(b)]
17 | SALVATORE ZIZZA; AND WILLIAM                     )
BURIAK,                                              )
18 |                                                   )
                              Defendants.            )
19 |                                                   ) Judge:  Hon. Thomas J. Whelan
                                                      )
20 | ——————————————————————— )

21

22

23

24

25

26

27

28

03 APR 24  AM 10: 21

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

## I.    INTRODUCTION

Pursuant to Federal Rules of Civil Procedure Rule 6(b), Lead Plaintiffs, Lancer Partners, L.P. and Lancer Offshore, Inc., hereby respectfully submit the following application for a 60-day enlargement of time in which to serve the summons and complaint on the Defendants.[1] The 120-day deadline under Fed. R. Civ. Prof. 4(m) to serve the summons and complaint will expire on April 25, 2003.

## II.    BACKGROUND

Plaintiff Lee Van Ormer commenced the instant action on December 27, 2003, and 11 days later caused notice of the pendency of this class action to be published as required under the Private Securities Litigation Reform Act of 1995.  The Defendants in this action are current and former officers and directors of The Credit Store, Inc. ("Credit Store"), a publicly traded company, which operated a credit restoration business until its filing for Chapter 11 bankruptcy protection on August 15, 2002 in the United States Bankruptcy Court for the District of South Dakota, Southern Division, Case No. 02-40922.  Credit Store's bankruptcy was converted to Chapter 7 liquidation on February 4, 2003 and is in the process of winding up its business affairs.

As set forth in the accompanying Declaration of Irina Kushner (the "Kushner Decl."), since the complaint's filing, Plaintiff and Lead Plaintiffs have made the following efforts to locate and serve the Defendants:

1.    Provided a copy of the complaint to the Credit Store on January 8, 2003 in response to its express request.  Kushner Decl., ¶ 3 and Exhibit B thereto.

2.    Engaged a reputable process server in early February 2003 to serve the summons and complaint on each of the Defendants at the Credit Store's last known business address of 3401 North Louise Avenue, Sioux Falls, SD 57107; the process server found the building to have been abandoned, and the Credit Store has not filed its new business address with the bankruptcy court. Kushner Decl., ¶¶ 4-5 and Exhibit C thereto.

---

[1] Pursuant to the Order of this Court entered April 3, 2003, Lancer Partners, L.P. and Lancer Offshore, Inc. were appointed as Lead Plaintiffs and the Court also approved their selection of Finkelstein & Krinsk as Lead Counsel.

3.      Separately attempted on several occasions to serve the Defendants through their new employer, Total Card Solutions ("TCS"), which is the successor entity to the Credit Store's customer accounts and operations.  However, service was frustrated by TCS agents who claimed that the Defendants had left South Dakota, and would not provide Lead Plaintiffs with their new addresses. Kushner Decl., ¶¶ 6-7, 11 and Exhibit D thereto.

4.      Lead Counsel wrote to Credit Store's out-of-state bankruptcy counsel and requested that they disclose Defendants' current addresses; to date there has been no response.  Kushner Decl., ¶ 8, and Exhibit E thereto.

5.      As a result, Lead Plaintiffs have had to resort to engaging an investigator to perform skip traces to locate each of the Defendants' home addresses for the purpose of effectuating service of the summons and complaint and are awaiting the results of such efforts.  Kushner Decl., ¶ 9.

## III.  ARGUMENT

Fed R. Civ. Proc. Rule 4(m) provides that absent a showing of good cause, a summons and complaint is required to be served on a defendant within 120 days.  As set forth in the Kushner Declaration, Lead Plaintiffs have been diligently attempting to locate and serve the Defendants in this matter.  Attempts have been made at the corporate address specified in the Credit Store's bankruptcy petition but to no avail since the Company has apparently abandoned its offices and has not filed notice of its new business address with the bankruptcy court.

Additionally, Lead Plaintiffs have been unsuccessful in voluntarily obtaining the Defendants' new address(es) from either the Company's bankruptcy counsel or from the Defendants' apparent new employer, Total Card Solutions, which recently acquired the Credit Store's portfolio of credit card accounts.  Kushner Decl., ¶¶ 6-8 and 11.  These attempts at service are more than adequate to establish Lead Plaintiffs' diligence as a matter of law. *See, e.g.,* D'Amario v. Russo, 750 F.Supp. 560, 563 (D. R.I. 1990).

Where, as here, the time for completing service has not yet expired, a plaintiff may obtain an enlargement of time upon a showing of good cause through an application (as opposed to a noticed motion).  Fed. R. Civ. Proc. Rule 6(b).  Arroyo v. Wheat, 102 F.R.D. 516, 518 (D. Nev.

1   1984) ("It was not intended that Rule 4(j) [now Rule 4(m)] would be enforced harshly; that is why

2   liberal extensions of time are permitted under Rule 6(b)").  It is also well established that a

3   defendant's attempt to evade service of process constitutes "good cause" under Rule 4(m) for

4   purposes of warranting an enlargement of time to effectuate service.  United States v. DeLoss, 764

5   F.2d 707, 710 (9th Cir. 1985); United States v. Ayer, 857 F.2d 881, 885-86 (1st Cir. 1988).

6        The requested 60-day extension is necessary in order to provide Lead Plaintiffs time to

7   receive and act upon the results of the skip tracing currently in progress, and failing that, to depose

8   representatives of Total Card Solutions and, if need be, the Credit Store's bankruptcy counsel to

9   ascertain the Defendants' whereabouts.  Lead Plaintiffs view service by publication as a last resort,

10  but are willing to so proceed if they have no other alternative by which to effectuate service on these

11  Defendants.

12  **IV.    CONCLUSION**

13       On the basis of the foregoing and the matters set forth in Ms. Kushner's declaration

14  concurrently submitted herewith, Lead Plaintiffs respectfully request that the Court grant them a 60-

15  day enlargement of time to effectuate service of the summons and complaint on the Defendants in

16  this proceeding.

17  Dated: April 22, 2003                          Respectfully submitted,

18                                                 FINKELSTEIN & KRINSK

19

20                                                 By: _____

21                                                      Mark L. Knutson, Esq.

22                                                 Howard D. Finkelstein, Esq.
                                                   Jeffrey R. Krinsk, Esq.
23                                                 501 West Broadway, Suite 1250
                                                   San Diego, CA 92101
24
                                                   Telephone: 619/238-1333
25                                                 Facsimile:  619/238-5425

26
                                                   Attorneys for Lead Plaintiffs and the Class
27

28